IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ROBERTO AND HERMINIA GARCIA** | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:15-cv-91 |
| **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND MICHAEL LEE ESMAY** | § § § § § | |
| Defendants. | § § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") in Cause No. 15-06-31562-MCV, pending in the 293rd Judicial District Court of Maverick County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, Del Rio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1   On June 24, 2015, Plaintiffs Roberto and Herminia Garcia ("Plaintiffs") filed their Original Petition in the matter styled *Roberto and Herminia Garcia v. Metropolitan Lloyds Insurance Company of Texas and Michael Lee Esmay*, Cause No. 15-06-31562-MCV, in the 293rd Judicial District Court of Maverick County, Texas, in which Plaintiffs assert Defendants wrongfully denied Plaintiffs' claims for damages to their home and other property under a

homeowners insurance policy issued by Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds") arising from alleged damage to their home and other property caused by a hail storm that struck the Eagle Pass, Texas area. In addition, Plaintiffs also assert various boilerplate claims against both Defendants under the Texas Insurance Code.

1.2     Plaintiffs served the registered agent for Metropolitan Lloyds with the citation and Plaintiffs' Original Petition, Request for Disclosures, First Request for Production and Motion to Appoint Umpire on July 24, 2015. To date, however, there is no indication that Plaintiffs have served Michael Lee Esmay with process.

1.3     Defendant Metropolitan Lloyds files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.4     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents. A copy of the Maverick District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in their Original Petition, Plaintiffs Roberto and Herminia Garcia are, and were at the time the lawsuit was filed, residents of the State of Texas. *See* Plaintiffs' Original Petition at p.1.

2.3     Metropolitan Lloyds is, and was at the time this lawsuit was filed, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Rhode Island and Wisconsin and are not residents or citizens of Texas.  Metropolitan Lloyds is therefore not a citizen of the State of Texas for diversity purposes.

2.4     Upon information and belief, Defendant Michael Lee Esmay ("Esmay") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Esmay, however, it is Metropolitan Lloyd's position that he has been improperly joined in this action.  Therefore, as explained below, the Texas citizenship of Esmay should be disregarded for the purposes of evaluating diversity in this matter.

### B. ESMAY WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.5     The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood*, 385, F.3d at 572.

2.6     Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

2.7     The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party.  *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.8     Here, Plaintiffs fail to articulate how the conduct of Esmay – the independent adjuster who inspected Plaintiffs' home and prepared an estimate – constitutes a plausible cause of action against him, and Plaintiffs' generic and global allegations about the undifferentiated conduct of "Insurance Company and Adjuster" with regard to the alleged causes of action set forth in pages 5 through 6 of Plaintiffs' Original Petition are not sufficient to provide fair notice to Esmay of a plausible claim against him under the applicable pleading standards.  *See* Original Petition attached hereto as Exhibit 2 at pp. 5-6.  "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).  Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Esmay and do not support his joinder as a defendant in this case.

2.9     Furthermore, as explained by the court in *Plascencia*, the other allegations against Esmay in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief.  *See* Exhibit 4.  Like the generic allegations against Esmay set forth in Plaintiffs' Original Petition in this lawsuit, the only specific allegations in against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow

> adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4.   The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant.  Because the "factual" allegations against Esmay in this case are nearly identical and therefore equally vague and conclusory, the Court should also conclude that Esmay was improperly joined because Plaintiffs' allegations against him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*,  No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

      2.10   Plaintiffs' allegations against Esmay for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Esmay's alleged misrepresentations related to the "coverage at issue" or the details of

Plaintiffs' insurance policy with Metropolitan Lloyds.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his recent opinion in *One Way Investments, Inc. v. Century Surety Company, et al*., NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Esmay, all of which relate to his inspection and determination regarding the extent of storm damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[1]

2.11   Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property.  *Id.* at *1.  Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster.  *Id.*  After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code.  *Id*. at *2.

2.12   As Plaintiffs have alleged with respect to Esmay in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages.  *Id*. at p. 7.  The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code  identified in One Way's state court petition and concluded they could not.

2.13   The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either.  Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code, and therefore, fail to

---

[1] Attached as Exhibit 5.

**NOTICE OF REMOVAL** – Page 6

provide fair notice of any actionable claims.  *See*, *e.g.*, *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015); *Davis v. Metropolitan Lloyds Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. Metropolitan Lloyds Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard

investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.14   These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19. Accordingly, because Plaintiffs' claims against Esmay in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Texas law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Esmay has been improperly joined.

2.15   Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiffs needed to join Esmay as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiffs against Esmay would provide any financial gain or otherwise improve her ability to recover the damages alleged in the Original Petition.

2.16   For these reasons, Esmay has been improperly joined. Therefore, because Plaintiffs are citizens of Texas, Metropolitan Lloyds is a citizen of Rhode Island and Wisconsin, complete diversity of citizenship exists among the proper parties.

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.17   The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiffs' Original Petition in which Plaintiffs expressly allege that "the monetary relief sought in this suit is over $200,000.00 but no more than $1,000,000." *See* Original Petition at page 8. This amount clearly exceeds the jurisdictional

requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Metropolitan Lloyds was served with Plaintiff's Original Petition and process on July 24, 2015.  Upon information and belief, Defendant Michael Lee Esmay has not been served with process at this time and he has not appeared as a party in this suit.  Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Maverick County District Court, promptly after Defendant files this Notice.

### IV.
### DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2    Attached hereto as Exhibit "2" is a copy of the Docket Sheet of the case pending in 293rd Judicial District Court of Maverick County, Texas.

4.2A    Attached hereto as Exhibit "2" is a copy of Plaintiffs' Original Petition, Request for Disclosures, First Request for Production and Motion to Appoint Umpire.

4.2B    Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, Metropolitan Lloyds Insurance Company of Texas.

4.2C    Attached hereto as Exhibit "2" is a copy of the Citation by Mailing issued to Defendant, Michael Lee Esmay.

4.2D    Attached hereto as Exhibit "2" is a copy of Defendant Metropolitan Lloyds' Original Answer.

4.3    Attached hereto as Exhibit "3" is a copy of the Designation of Counsel

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Metropolitan Lloyds Insurance Company of Texas hereby remove this case to this court for trial and determination.

Respectfully submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
Molly E. Raynor
State Bar No. 24068609

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
         mraynor@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2015, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested:

Robert L. Collins
Audrey Guthrie
ROBERT COLLINS & ASSOCIATES
P.O. Box 7726
Houston, TX  77270-7726
Telephone:  (713) 467-8884
Facsimile:  (713) 467-8883
Email:  houstonlaw2@aol.com
*Attorneys for Plaintiffs*

Alfonso Nevarez
NEVAREZ LAW GROUP, P.C.
780 Rio Grande Street
Eagle Pass, TX  78852
Telephone:  (830) 776-7003
Facsimile:  (830) 776-7004
Email:  anc@nevarezlawgroup.com
*Attorneys for Plaintiffs*

 /s/Daniel P. Buechler
Daniel P. Buechler