Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

15-06-31562-MCV

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERTO AND HERMINIA GARCIA, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | MAVERICK COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND MICHAEL LEE ESMAY, | § § § § | 293RD |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, FIRST REQUEST FOR PRODUCTION AND MOTION TO APPOINT UMPIRE

TO THE HONORABLE COURT:

COME NOW Plaintiffs Roberto and Herminia Garcia, and file their Original Petition, Request for Disclosures, First Request for Production, and Motion to Appoint Umpire for the purpose of enforcing their rights under Texas law and recovering monetary damages and for general relief as follows:

### DISCOVERY LEVEL

1. Discovery is to be conducted under Level 3.

### PARTIES

2. Plaintiffs Roberto and Herminia Garcia are married individuals residing in Texas and capable of being served through their attorney of record.

3a. Defendant Metropolitan Lloyds Insurance Company of Texas (hereafter "Insurance Company") is a domestic property and casualty insurance company duly licensed in the State of Texas, and it may be served during business hours through its agent for service: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

EXHIBIT 2 - Page 1

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

b.     Defendant Michael Lee Esmay (hereinafter "Esmay" and/or "Adjuster") is an insurance adjuster duly licensed in the State of Texas, and may be served with process at his home at: 2920 Forest Meadow Drive, Round Rock, Texas 78665-5612, or wherever he may be found.

## JURISDICTION AND VENUE

4a.    Metropolitan Lloyds Insurance Company of Texas is a domestic fire and casualty insurance carrier licensed to conduct business in Texas. Defendant Esmay is a natural person and resident of Texas, who is duly licensed as a Texas adjuster through the Texas Department of Insurance. All Defendants are present in and do business in Texas, both generally and in connection with this matter. Defendant Insurance Company is incorporated under the laws of Texas and conducts licensed business in Texas. Therefore, there is no diversity of citizenship, no federal jurisdiction exists in this case, and this is not suitable for removal to a federal court. Defendants are present in and do business in Texas, both generally and in connection with this matter. The amount in controversy exceeds the jurisdictional minimum of this Court. Venue is proper in this court pursuant to Tex. Civ. Prac. & Rem. Code 15.002(a)(1), because the events made basis of this suit occurred and the subject properties are located in Eagle Pass, Maverick County, Texas.

## FACTUAL BACKGROUND

5.     Plaintiffs Roberto and Herminia Garcia purchased a homeowner's insurance policy from Insurance Company to cover potential losses to their home, which is located at 2774 Crown Point, Eagle Pass, Texas 78852.

2

EXHIBIT 2 - Page 2

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

6. All premium payments were timely made and accepted by Insurance Company on behalf of each of the insured Plaintiffs without mention of any reservations or concerns about defects or other construction problems with the home.

7a. In April, 2014, Eagle Pass suffered a serious hail storm that caused significant damage to the roof of the Garcia's home. Roberto and Herminia Garcia filed a claim for the covered hail damage loss under their homeowner's insurance policy.

7b. In response to the initial notice of claim by Plaintiffs, Insurance Company sent Adjuster Esmay, who performed an insufficient inspection of the residence. Based upon the undervalued and under-scoped estimate by Adjuster Esmay, Insurance Company offered an estimate and payment so significantly below the actual cost of the loss as to effectively be a denial of the claim.

7c. Subsequent to the initial carrier estimate and offer, Roberto and Herminia Garcia sought a detailed outline and estimate of their loss by a licensed Public Adjuster, which totaled the cost to repair the damage to their home as $94,603.57. Plaintiffs provided Insurance Company and Adjuster with their updated claims information.

7d. In response, Insurance Company purported to re-inspect the Plaintffs' residence. Based on the inspection report, Adjuster and Insurance Company asserted that no other damage was found and declined further payment of damages.

7e. By purposefully undervaluing Roberto and Herminia Garcia's hail damage claim to such an extreme degree, Insurance Company and Adjuster misrepresented pertinent facts related to the loss, the coverage and the claims process, and engaged in an unconscionable action or course of action by taking advantage of the lack of knowledge, ability, experience, or capacity of Roberto and Herminia Garcia to a grossly unfair degree.

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

8.  Insurance Company and Adjuster participated in a scheme to wrongfully delay and deny Plaintiffs Roberto and Herminia Garcia's lawful claims for insurance coverage. On behalf of Insurance Companies, Adjuster purported to inspect the damages at Plaintiffs Roberto and Herminia Garcia's home and predictably produced deliberately underestimated statements of the cost to fully remediate and repair the insured property. As such, Insurance Company and Adjuster failed to promptly and reasonably investigate the damage and failed to honestly evaluate the repair costs, misrepresenting the extent and causation of the damage as well as the nature of the applicable insurance coverage and the insureds' right to recover damage costs and other benefits under the applicable insurance coverage. Adjuster did this at the request of, and as the agents for, Insurance Company. Therefore, the Defendants have misrepresented the facts, misrepresented the insurance coverage and have wrongfully delayed and denied resolution of this claim by significantly under-evaluating the damage repair costs. The false statements and wrongful acts of the Defendants constitute fraud and breach of contract, as well as violations of the Texas Insurance Code Chapter 541 and 542, for all of which wrongful conduct Plaintiffs hereby sue Insurance Company and Adjuster to recover actual and statutory damages, interest, costs and attorney's fees.

## BREACH OF CONTRACT

9.  Insurance Company's conduct, as previously described, constitutes numerous violations of its insurance policy that it unilaterally drafted and sold to the Plaintiffs. Insurance Company has failed to comply with each governing policy because it has not promptly and reasonably investigated and paid each claim, because it misrepresented the loss and the coverage and failed to pay the reasonable value of the repair and damage costs related to each claim in the amounts described above, and because it failed to make payment in the above-described amounts

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

following notice of the specific, liquidated amount of the claim. By Defendants' deliberate delay of repairs to each home, Insurance Company has waived any claim that Plaintiffs are obligated to comply with any condition of the policy and is legally estopped to make such assertion as a defense. By their delay, Defendants have caused Plaintiffs' family to be forced to live in an unrepaired hail damaged home, thereby causing other consequential damages, such as continuing water damage.

## NO GOOD FAITH AND FAIR DEALING

10. Insurance Company and Adjuster have violated Chapter 541 of the Texas Insurance Code by misrepresenting the facts related to these claims as well as the terms and coverage of the Plaintiffs' insurance policy, as well as by their actions in failing to effectuate a prompt, timely, honestly evaluated, fair and equitable settlement of Plaintiffs' insurance claim when liability was reasonably clear. These violations of Chapter 541 have caused damages to Plaintiffs. These damages include, but are not limited to, Plaintiffs' policy coverage claims and consequential damages resulting from Defendants' wrongful conduct and repair delay.

11. Plaintiffs are also entitled to additional damages pursuant to Chapter 541 because Insurance Companies and Adjuster violated this statute "knowingly."

## VIOLATIONS OF INSURANCE CODE CHAPTER 541.

12. Insurance Company and Adjuster have violated Chapter 541 of the Texas Insurance Code by misrepresenting the facts related to this claim as well as the terms and coverage of Plaintiffs' insurance policy with Insurance Company, as well as by their actions in failing to effectuate a prompt, timely, honestly evaluated, fair and equitable settlement of Plaintiffs' insurance claim when liability was reasonably clear. These violations of Chapter 541 have caused damages to Plaintiffs. These damages include, but are not limited to, Plaintiffs'

Case 2:15-cv-00091-AM Document 1-2 Filed 08/21/15 Page 6 of 17

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

policy coverage claims and consequential damages resulting from Defendants' wrongful conduct and remediation delay.

13. Plaintiffs are also entitled to additional damages pursuant to Chapter 541 because Insurance Company and Adjuster violated this statute "knowingly" and as part of scheme to defraud these homeowners.

## VIOLATONS OF DTPA

14. Insurance Company and Adjuster have also violated the Texas Deceptive Trade Practices Act ("DTPA"). Their violations of the DTPA include, but are not limited to, committing unconscionable acts against Plaintiffs as herein described. Plaintiffs are entitled to the amounts owed under the Garcia insurance policy with Insurance Company in their claim in the amount of $94,603.57, as well as their respective consequential damages, as a result of Defendants' violations of the DTPA.

15. Furthermore, Plaintiffs are entitled to additional damages pursuant to the DTPA because Defendants violated the DTPA "knowingly" and as a part of their scheme to defraud these homeowners and delay and deny claims.

## VIOLATIONS OF INSURANCE CODE CHAPTER 542 – WRONGFUL DELAY

16. Insurance Company has failed to comply with Chapters 542.058 and 542.060 of the Texas Insurance Code, which regulates the time for paying Plaintiffs' claims. Violation of this statute by an insurer is a form of strict liability against this insurer Defendant. As such, Plaintiffs sue for and are entitled to 18 percent per annum interest on the unpaid policy proceeds and their attorneys fees pursuant to this statute.

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

### ATTORNEY'S FEES

17. Plaintiffs have been required to retain counsel in order to recover for covered losses under their insurance contract with Insurance Company. As such, Plaintiffs have incurred and will continue to incur reasonable and necessary attorney's fees and costs in prosecuting this lawsuit, which they seek to recover from Insurance Company and Adjuster. Insurance Company and Adjuster are liable to Plaintiffs for these attorney's fees pursuant, as appropriate, to Chapter 38.001 *et al* of the Civil Practice and Remedies Code, the DTPA and Chapters 541 and 542 of the Texas Insurance Code. Plaintiffs have presented their claims to Insurance Company.

### MULTIPLE DAMAGES

18. Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants, and/or their agents, had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

19. Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness and unconscionable nature of these Defendants wrongful acts.

20. Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### PUNITIVE DAMAGES

21. Plaintiffs would further show that the acts and omissions of Defendants and/or their agents complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching these

Case 2:15-cv-00091-AM Document 1-2 Filed 08/21/15 Page 8 of 17

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Defendants at the expense of the Plaintiffs. Moreover, the strategy implemented by the Defendants in refusing to honestly evaluate the claim, delay and deny the claim, thereby imposing all costs of Plaintiffs. Plaintiffs seek recovery of punitive damages to punish these Defendants for such unconscionable misconduct and to deter such actions and/or omissions in the future by them and others similarly situated.

## CONDITIONS PRECEDENT AND SPECIAL DAMAGES

22. All conditions precedent have been waived by Insurance Company and its Adjuster, have been performed by Plaintiffs, or have otherwise been satisfied. Further, any claim by Insurance Company that Plaintiffs did not somehow comply with the contract is barred by waiver based on Insurance Company's breach and non-compliance with the material terms of the insurance contract. Generally, when one party to a contract commits a material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004). Plaintiffs seek to recover all repair costs and recoverable additional living expenses and other covered costs required to return their property to its condition prior to the covered loss, as special damages.

## STATEMENT IN COMPLIANCE WITH RULE 47(C), TEX. R. CIV. P.

23. The monetary relief sought in this suit is over $200,000 but not more than $1,000,000.00 for Plaintiffs Roberto and Herminia Garcia.

## MOTION TO APPOINT AN UMPIRE

24. Simultaneously with this petition, Plaintiffs have invoked the policy appraisal clause with the Insurance Company to determine the amount of the loss. *State Farm Lloyds v Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) (Appraisal is a contractually-created right to set the amount of the loss through a binding extrajudicial "appraisal" proceeding). The appraisal may

Case 2:15-cv-00091-AM   Document 1-2   Filed 08/21/15   Page 9 of 17

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

resolve the conflict entirely, in which case this case will not have to proceed in this, or any, court. However, even if this case is not entirely resolved by the appraisal process, the amount of the loss will be determined in a binding manner which significantly reduces the amount of judicial time and resources required to resolve this matter. "Appraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings. It would be a rare case in which appraisal could not be completed with less time and expense than it would take to file motions contesting it." *Id.*

25. The appraisal clause in these cases provides that each party will appoint an appraiser. The appraisers will then attempt to agree on an umpire. If the appraisers cannot agree on an umpire, a judge of a district court in the state where the loss occurred is the proper party to appoint the umpire to carry out the appraisal process. Hopefully, the appraisers in this case will be able to agree on an umpire. However, if they cannot reach an agreement Plaintiffs request that this court appoint an umpire.

## REQUEST FOR DISCLOSURE

26. Under Texas Rule of Civil Procedure 194, Plaintiffs request that each of the Defendants respectively disclose, within 50 days of the service of this Petition and this request, the information and/or material described in Rule 194.2.

## REQUEST FOR PRODUCTION

Instructions for Requests for Production

27. Under Texas Rule of Civil Procedure 196, Plaintiffs Roberto and Herminia Garcia request that each of the Defendants produce, separately and within 50 days of the service of this Petition and this request, the information and/or material requested herein below:

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all training materials, memos, directives, documents or information related to the evaluation of hail and wind claims provided to any adjuster or person involved in handling this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the entire, unaltered, un-redacted, original and complete claim file made by Metropolitan Lloyds Insurance Company of Texas, Adjuster, or anyone acting for or on their behalf, including but not limited to, all memos, reports, notes, documents, emails, estimates, videos and photos, related in any way to the hail and wind storm damage claim made by Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**:

Please produce a copy of any photos, recordings, videos and statements of, or made by, the Plaintiffs or any other person with relevant knowledge related to the matters made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents regarding the determination of and amount of compensation paid or owed by Metropolitan Lloyds Insurance Company of Texas to Adjuster from April 23, 2014 to the present for the claim made by Plaintiffs on or about April 23, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all photos, diagrams, videos, notes, documents, recordings of any kind, estimates, tests, test reports and test results made or obtained by Metropolitan Lloyds Insurance Company of Texas, Adjuster, and/or their agents or employees, or anyone acting at their direction, concerning Plaintiffs' property.

**RESPONSE:**

EXHIBIT 2 - Page 10

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all internal memoranda, documents, reports, inspections, tests, notes and underwriting information and documents relating to Plaintiffs' property, including but not limited to the entire underwriting file for such properties insurance coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce the application for insurance and complete file with Metropolitan Lloyds Insurance Company of Texas and its agents related to insurance coverage on the Plaintiffs' property.

**RESPONSE:**

## PRAYER

27.    For these reasons, Plaintiffs Roberto and Herminia Garcia ask that Metropolitan Lloyds Insurance Company of Texas and Michael Lee Esmay be cited to appear and answer, that discovery be obtained as requested herein, that an expedited trial setting, preferably for a trial setting within 120 days, be granted, and that Plaintiffs have judgment against Defendants for the following:

    (a)    Actual, special, statutory and consequential damages;

    (b)    Punitive and additional damages;

    (c)    Damages for mental anguish;

    (d)    Reasonable and necessary attorney's fees;

    (e)    Prejudgment and post-judgment interest as allowed by law;

    (f)    Costs of suit; and

    (g)    All other relief, in law and in equity to which Plaintiffs may be justly entitled.

Case 2:15-cv-00091-AM  Document 1-2  Filed 08/21/15  Page 12 of 17

Electronically Filed at
6/24/2015 10:01:34 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Respectfully submitted,

*[signature]*

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
Robert L. Collins & Associates
houstonlaw2@aol.com
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile

and

Alfonso Nevarez
Texas Bar No. 24005376
Nevarez Law Group, P.C.
anc@nevarezlawgroup.com
780 Rio Grande Street
Eagle Pass, TX 78852
Phone: 830-776-7003
Facsimile: (830) 776-7004

**ATTORNEYS FOR PLAINTIFFS**

CITATION BY MAILING

THE STATE OF TEXAS

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS / By Serving: Ct Corporation System / 1999 Bryan Street Ste. 900 / Dallas, Tx. 75201

Defendant, in the hereinafter styled and numbered cause:

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration or twenty days after you were served this citation and petition, default judgment may be taken against you.

YOU ARE HEREBY COMMANDED to appear before the 293rd Judicial District Court of the City of Eagle Pass, Texas, County of Maverick, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 a.m of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 15-06-31562-MCV styled ROBERTO GARCIA, ETAL vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, ETAL filed in said Court on 06/24/15. Plaintiff is represented by ROBERT COLLINS who's address is P.O. BOX 7726/ / HOUSTON, TX. 77270. ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at this office on this the 22nd day of July, 2015

LEOPOLDO VIELMA
District Clerk, Maverick County, Texas
500 Quarry St. Ste 5
Eagle Pass, Tx. 78852

By:_____
Deputy

OFFICER'S RETURN BY MAILING

Came to hand the _____ day of _____ 20___, and executed by mailing to the Defendant certified mail, return receipt requested to wit restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

_____     _____
Defendant                          Address

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.

*Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: _____
_____.

Citation was not executed because _____.
Defendant may be found at: _____.
To certify which witness my hand officially.

_____ County, Texas
By:_____ Deputy Fee for Serving Citation
$ _____

EXHIBIT 2 - Page 13

CITATION BY MAILING

THE STATE OF TEXAS

MICHAEL LEE ESMAY / 2920 Forest Meadow Drive / Round Rock, Tx. 78665-5612 /

Defendant, in the hereinafter styled and numbered cause:

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration or twenty days after you were served this citation and petition, default judgment may be taken against you.

YOU ARE HEREBY COMMANDED to appear before the 293rd Judicial District Court of the City of Eagle Pass, Texas, County of Maverick, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 a.m of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 15-06-31562-MCV styled ROBERTO GARCIA, ETAL vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, ETAL filed in said Court on 06/24/15. Plaintiff is represented by ROBERT COLLINS who's address is P.O. BOX 7726/ / HOUSTON, TX. 77270. ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at this office on this the 22nd day of July, 2015

LEOPOLDO VIELMA
District Clerk, Maverick County, Texas
500 Quarry St. Ste 5
Eagle Pass, Tx. 78852

By:_____
Deputy

OFFICER'S RETURN BY MAILING

Came to hand the _____ day of _____ 20___, and executed by mailing to the Defendant certified mail, return receipt requested to wit restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

_____  _____
Defendant                              Address

Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.
*Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: _____
_____.
Citation was not executed because _____.
Defendant may be found at: _____.
To certify which witness my hand officially.

_____
_____  County, Texas
By:_____  Deputy Fee for Serving Citation
$ _____

EXHIBIT 2 - Page 14

```
                              C I V I L    D O C K E T
                              293rd Judicial District Court
Maverick County                                                              The Software Group, Inc.
Case No. 15-06-31562-MCV                                                     August 20th, 2015   12:37pm
===============================================================================================================
ROBERTO GARCIA, ETAL vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS,    |   Filed : 06/24/2015
ETAL                                                                        |   Status: Filed
                                                                            |   Type: ACCOUNTS, CONTRACTS
                                                                            |
                                                                            |   Judge
                                                                            |     CYNTHIA L. MUNIZ
                                                                            |
                                                                            |   Court Reporter
                                                                            |
===============================================================================================================
   Date    |                                                                             | Volume   | Page
===============================================================================================================
           |                                                                             |         |
           |                   Events & Orders of the Court                              |         |
           |                                                                             |         |
 06/24/15  | $FILE                                                                       |         |
 06/24/15  | PLAINTIFF ORIGINAL PETITION                                                 |         |
           | REQUEST FOR DISCLOSURES FIRST REQUEST FOR PRODUCTION AND MOTION TO APPOINT UMPIRE |   |
 07/22/15  | CITATION                                                                    |         |
           | TO: METROPOLITAN LLOYDS                                                     |         |
 07/22/15  | CITATION                                                                    |         |
           | TO: MICHAEL LEE ESMAY                                                       |         |
 07/22/15  | CITATION BY MAIL Issued -Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |   |
 07/22/15  | CITATION BY MAIL Issued -Defendant, ESMAY, MICHAEL LEE                      |         |
 07/24/15  | CITATION BY MAIL Served - METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS - Answer due: |   |
           | 08/17/15 -  FILED 7/27/15                                                   |         |
 07/28/15  | NOTICE OF HEARING                                                           |         |
           | SET FOR PRETRIAL HEARING/DOCKET CONTROL CONFERENCE 11/9/15 AT 10AM          |         |
 11/09/15  | Pre-Trial & Docket Call                                                     |         |
```

Case 2:15-cv-00091-AM   Document 1-2   Filed 08/21/15   Page 16 of 17

Electronically Filed at
8/17/2015 11:29:26 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

NO. 15-06-31562-MCV

| | | |
|---|---|---|
| ROBERTO AND HERMINIA GARCIA, | § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | MAVERICK COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and MICHAEL LEE ESMAY, | § § § § | |
| Defendants. | § | 293RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Metropolitan Lloyds Insurance Company of Texas files this its Original Answer and respectfully shows the Court the following:

### I.
### ORIGINAL ANSWER

1.1   Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiffs' Original Petition, and since they are allegations of fact, Plaintiffs should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### CONCLUSION AND PRAYER

2.1   Wherefore, premises considered, Defendant prays that Plaintiffs take nothing by their suit, and for such other further relief to which Defendant may show they are justly entitled.

Respectfully Submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Molly E. Raynor
State Bar No. 24068609
mraynor@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200
(214) 871-8209 - FAX

**COUNSEL FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2015, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested and/or facsimile:

Robert L. Collins
Audrey Guthrie
ROBERT L. COLLLINS & ASSOCIATES
P.O. Box 7726
Houston, TX 77260-7726
houstonlaw2@aol.com

/s/Daniel P. Buechler
Daniel P. Buechler